# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-00193-01-CR-W-BCW |
| ) | |
| MALACHI ROBINSON, ) | |
| ) | |
| Defendant. ) | |

## SCHEDULING, TRIAL AND CONTINUANCE ORDER

On August 10, 2021, the grand jury returned an indictment charging Defendant Malachi Robinson with one count of committing a hate crime involving an intent to kill in violation of 18 U.S.C. § 249(a)(2); and one count of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). Doc. 3.

## I. TRIAL SETTING

On September 11, 2021, counsel for Defendant Robinson filed a motion seeking a continuance of the November 1, 2021 trial setting. Doc. 21. According to defense counsel, additional time is necessary to "review discovery, consult with the Defendant, and conduct investigation on this case." *Id*. at 1. Furthermore, counsel states that because "this is a recently filed case, [he] has not had adequate opportunity to fully complete those tasks, and will not be in a position to adequately prepare this matter for trial or disposition prior to the November, 2021 trial term." *Id*. Counsel's motion indicates that Defendant and the Government have no objection to the requested continuance. *Id*. at 2. The parties request a continuance to the Joint Criminal Trial Docket commencing in July 2022. *Id*. at 1-2.

In any case in which a plea of not guilty is entered, the defendant's trial shall commence within seventy days from the filing of the information or indictment or the date of the defendant's first appearance, whichever comes last. 18 U.S.C. § 3161(c)(1) (Speedy Trial Act). In computing the seventy-day time period, the periods of delay set forth in 18 U.S.C. § 3161(h) are to be excluded. Any period of delay resulting from a continuance granted at the request of a defendant is excludable if the Court finds the ends of justice served by the taking of such action outweigh the best interests of the public and the defendant in a speedy trial, provided the Court sets forth the reasons for such finding. *See* 18 U.S.C. § 3161(h)(7)(A).

In light of defense counsel's need for additional time to review discovery, consult with Defendant, and conduct investigation for this case, the Court finds it would be unreasonable to expect counsel to prepare this case for trial prior to November 1, 2021, and thus, would deny Defendant a right to effective assistance of counsel. Upon consideration of the factors set forth in 18 U.S.C. § 3161(h)(7)(B), the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial. The Court, in ordering this case removed from the November 1, 2021 Joint Criminal Jury Trial Docket, is not doing so because of congestion of the Court's calendar, in accordance with 18 U.S.C. § 3161(h)(7)(C).

Based on the foregoing, Defendant's motion for continuance is GRANTED. This case is removed from the Joint Criminal Jury Trial Docket which commences November 1, 2021 and is set for trial on the Joint Criminal Jury Trial Docket which commences July 18, 2022. Pursuant to 18 U.S.C. § 3161(h), the time between the date of this Order and July 29, 2022, the last day of the July 18, 2022 Joint Criminal Jury Trial Docket, shall be excluded in computing the time within which this trial must commence.

## II. <u>PRETRIAL FILINGS</u>[1]

A. **<u>PRETRIAL MOTIONS</u>**

**On or before January 28, 2022** the parties shall file any relevant pretrial motions. Any suggestions in opposition shall be filed within fourteen days from the date the motion is filed unless otherwise ordered by the Court. For defendants who are represented by counsel, the Court will **only** accept pretrial filings made by counsel. *Pro se* filings **will not** be accepted for defendants who are represented by counsel.

B. **<u>WITNESS LISTS</u>**

The government and the defendant are directed to file in writing witness lists which shall include the name and address of each witness whom counsel intends to call in its case-in-chief, together with any record of prior felony convictions for such witness, **no later than fourteen days prior to trial.** If a new witness is discovered after counsel files its witness list, either prior to trial or during trial, counsel shall promptly notify opposing defense and provide the discovery identified above.

C. **<u>EXHIBIT LISTS</u>**

The government and the defendant are directed to file in writing exhibit lists which shall include a description of each exhibit, pre-marked for identification, that counsel intends to offer in its case-in-chief **no later than fourteen days prior to trial.**

D. **<u>MOTIONS IN LIMINE</u>**

**No later than fourteen days prior to trial,** the parties should file any motions in limine seeking to exclude evidence from trial. Any suggestions in opposition to the motions in limine should be filed **within seven days** after the motion is filed.

E. **<u>STIPULATIONS</u>**
Any proposed stipulations should be provided in writing to opposing counsel and the Court **no later than fourteen days before trial.**

## III. <u>ADDITIONAL DISCLOSURES BY THE GOVERNMENT</u>

A. **<u>RELEVANT OFFENSE CONDUCT</u>**

**No later than fourteen days prior to trial or a change-of-plea hearing**, the government is directed to disclose all information in its possession on which it will rely to establish "relevant offense conduct" or to establish an upward departure under the Federal Sentencing Guidelines.

---

[1] For purposes of this Order, the reference to "trial" means the first day of the Joint Criminal Jury Trial Docket on which the case is set.

B. **PRIOR CONVICTIONS**

**No later than fourteen days prior to trial,** the government is directed to provide a written list of the defendant's prior felony convictions which the government intends to use for impeachment.

C. **RULE 404(b) EVIDENCE**

The government is directed to file written notice of all prior and subsequent acts and convictions intended to prove knowledge, intent or other elements identified in Rule 404(b) of the Federal Rules of Evidence **no later than twenty-eight days before trial.**

D. **WITNESS INDUCEMENTS**

**No later than fourteen days prior to trial,** the government is directed to provide written disclosure of: (a) the name(s) and address(es) of the witness(es) to whom the government has made a promise; (b) all promises or inducements made to any witness(es); (c) all agreements entered into with any witness(es); and (d) the amount of money or other remuneration given to any witness(es).

E. **INFORMANTS**

Unless the government has made a claim of privilege as to an informant, **no later than twenty-eight days prior to trial,** the government is directed to provide: (a) the name(s) and address(es) of the informant(s); (b) all promises or inducements to the informant(s); (c) all agreements entered into with the informant(s); (d) the amount of money or other remuneration given to the informant(s); (e) identification of the informant's prior testimony; (f) evidence of psychiatric treatment; (g) evidence of the informant's narcotic habit; and (h) the name, address and phone number for the lawyer(s) for the informant(s) if represented by counsel. If an informant objects to the disclosure of his or her address, the government shall produce the informant to defense counsel for a determination of whether or not the informant will consent to an interview.

F. *GIGLIO* **IMPEACHMENT EVIDENCE**

**No later than fourteen days prior to trial,** the government is directed to disclose all evidence which may tend to adversely affect the credibility of any person called as a witness by the government pursuant to *Giglio v. United States* and *United States v. Agurs*, including the arrest and/or conviction record of each government witness, any offers of immunity or lenience, whether made directly or indirectly, to any government witness in exchange for testimony and the amount of money or other remuneration given to any witness.

**PLEASE NOTE:** The parties are to be prepared to disclose to the Court at the final pretrial conference in this case the method used to determine whether any favorable evidence exists in the government's investigative file. The government is advised that if any portion of the government's investigative file or that of any investigating agency is not made available to the defense for inspection, the Court will expect that **trial counsel for the government or an attorney under trial counsel's immediate supervision** who is familiar with the *Brady* and *Giglio* doctrines will have reviewed the applicable files for purposes of ascertaining whether evidence favorable to the defense is contained in the file. The Court considers such evidence to include evidence favorable to the accused which may have a bearing on guilt or punishment, and evidence which adversely affects the credibility of any important government witness.

G. **STATEMENTS PRESENTING *BRUTON* ISSUES**

Any statements of a co-defendant which the government intends to offer at trial and which present *Bruton* issues along with proposed redactions should be filed **no later than twenty-eight days prior to trial.**

### IV. EXPERT TESTIMONY DISCLOSURES BY BOTH PARTIES

A. **RULE 16 EXPERTS**

1. **No later than twenty-eight days prior to trial,** the government shall disclose to the defendant a written summary of testimony that the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial. The written summary should identify the witnesses, describe the witnesses' opinions, the bases and the reasons for the opinions, and the witnesses' qualifications.

2. **No later than fourteen days prior to trial,** defendant shall disclose to the government a written summary of testimony that the defendant intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence as evidence at trial. The written summary should identify the witnesses, describe the witnesses' opinions, the bases and the reasons for the opinions, and the witnesses' qualifications.

B. **MENTAL HEALTH EXPERTS/EVIDENCE**

1. **On or before the date for filing pretrial motions,** the parties must file any motion seeking to determine the defendant's mental competency pursuant to 18 U.S.C. § 4241.

2. **On or before the date set for filing pretrial motions,** the defendant shall file a notice in writing which complies with the requirements of Rule 12.2 of the Federal Rules of Criminal Procedure stating:

a. Whether the defendant intends to rely upon the defense of insanity at the time of the alleged offense; and

b. Whether the defendant intends to introduce expert testimony relating to a mental disease or defect or any other mental condition of the defendant bearing upon the issue of guilt.

3. If the defendant gives notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition, **within two weeks of giving notice under Rule 12.2,** the defendant shall identify the experts and provide a summary of the witnesses' opinions, the bases and reasons for those opinions and the witnesses' qualifications. At the same time the defendant identifies the experts and provides a summary of the witnesses' opinions, the defendant shall notify the Magistrate Judge to whom the case is assigned that these disclosures have been made and request that the Court set a conference to establish additional deadlines.

## V. WITNESS ADDRESSES

In lieu of providing the address of any witness required by this Order, counsel for the government or defendant may produce the witness for interview by opposing counsel.

## VI. JENCKS ACT MATERIAL

The standard practice in this district is for all parties to voluntarily agree to provide Jencks Act material **at least fourteen days prior to trial.** If any party does not agree with this deadline, the party must file a notice with the Court within seven (7) days of this Order noting their objection.

## VII. PRETRIAL CONFERENCE

A pretrial conference is set for June 30, 2022 at 9:30 a.m. At the pretrial conference, the parties should be prepared to discuss the following issues:

**A.** Anticipated questions of admissibility of evidence;

**B.** Any other questions of law on which the parties desire pretrial rulings;

**C.** Facts or circumstances requiring a larger than normal jury panel (more than 45);

**D.** Pending motions;

**E.** Estimated trial time;

**F.**  Discovery problems;

**G.**  Possible stipulations **(counsel should have proposed stipulations available for review and signature by the parties at the conference);**

**H.**  Number of exhibits to be offered at trial**;**

**I**.  Number of witnesses to be called at trial**;**

**J.**  Any objections to the anticipated witnesses or exhibits; and

**K**.  Changes of plea or potential dismissal of any of the charges.

## VIII.  CERTIFICATION OF COMPLIANCE

**During the pretrial conference**, counsel for the government and for each defendant will be required to certify on the record that counsel has produced all discovery in accordance with the deadlines established in the Arraignment and Discovery Order and has timely complied with all pretrial filing deadlines established by the Scheduling and Trial Order up to the date of the pretrial conference.

**IT IS SO ORDERED.**

DATE:  September 14, 2021              */s/ W. Brian Gaddy*
                                       W. BRIAN GADDY
                                       UNITED STATES MAGISTRATE JUDGE