IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:21-cr-00193-BCW |
| | ) | |
| MALACHI ROBINSON, | ) | |
| | ) | |
| Defendant, | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

COMES NOW the Defendant, Malachi Robinson, by and through his counsel, Jeffrey Gedbaw, and submits the following sentencing memorandum for the Court's consideration at his upcoming sentencing hearing:

Mr. Robinson appears before this Court for sentencing after pleading guilty on July 7, 2022, to the offense of Hate Crime Involving an Attempt to Kill, in violation of 18 U.S.C. § 249(a)(2). The guideline calculation as calculated by the United States Probation Office is 360 months to life imprisonment. The defense, as well as the Government, both believe the appropriate guideline calculation in this matter should be 262-327 months of imprisonment. Based on the reasons set forth below, the defense respectfully requests that this Court sentence Mr. Robinson to a term of imprisonment for 238 months, to be followed by a five (5) year term of supervised release.

*GUIDELINE CALCULATIONS*

When calculating the guidelines for Mr. Robinson, the United States Probation Office applied the base offense level, as well as the enhancements that were agreed upon by the parties as part of the defendant's plea agreement (Doc. 26). However, the Probation Office added an

1

additional two points for obstruction of justice under USSG § 3C1.1.  Additionally, despite the plea agreement expressly stating that the Government acknowledged that the defendant had clearly accepted responsibility for his conduct, and thus should be given a three-level reduction for acceptance of responsibility under USSG § 3E1.1, the Probation Office has taken the position that this reduction should not apply.  This Court has the final determination as to whether a reduction for acceptable of responsibility is warranted.  The defense submits that under the circumstances of this case, a three-level reduction is warranted.

      The Probation Office did not grant Mr. Robinson a three-level reduction for acceptance of responsibility, as was agreed upon in the plea agreement.  The basis for this denial was because of the fact that the Probation Office assessed a two-level enhancement for obstruction of justice, pursuant to §3C1.1.  While the Probation Office correctly noted that under §3E1.1, Application Note 4, conduct resulting in an enhancement for obstruction of justice ordinarily indicates that the defendant has not responsibility for his actions, Probation Office also correctly noted that in extraordinary cases, a reduction for acceptance of responsibility may still be applied.  Mr. Robinson meets the criteria for this to deemed an extraordinary case, and thus, the three-level reduction should be applied.

      In *United States v. Campos*, 362 F.3d 1013 (8th Cir. 2004), the appellate court addressed some of the factors that should be considered when deciding if a case is extraordinary, and thus, worthy of an acceptance of responsibility reduction while also applying an enhancement for obstruction of justice.  The court stated:

> *To determine whether a case is "extraordinary," the district court should have taken into account the totality of the circumstances, including the nature of the appellee's obstructive conduct and the degree of appellee's acceptance of responsibility.  Among other things, the district court should have considered whether, for example, the obstruction of justice was an isolated incident early in the investigation or an on-going effort to obstruct the prosecution.  It should have considered whether appellee voluntarily terminated his obstructive conduct, or*

*whether the conduct was stopped by law enforcement. The district court should have noted whether appellee admitted and recanted his obstructive conduct, or whether he denied obstruction at sentencing. Campos at 1017.*

When looking at the guidance from *Campos*, many of the factors enumerated weight in favor of Mr. Robinson. Perhaps most importantly in this analysis is the fact that the obstructive conduct in this case appears to have all occurred while Mr. Robinson was in state custody on charges related to this act, but before he had been charged in federal court. While the plea agreement between the parties was silent on any obstruction of justice enhancement, Mr. Robinson is electing not to challenge the enhancement because he recognizes that when evaluating applicable 8th Circuit caselaw, the evidence would likely be sufficient to support this enhancement. This is a clear indication that Mr. Robinson has admitted and recanted his obstructive conduct, and should weigh strongly in his favor.

As previously noted, the conduct that gave rise to the obstruction enhancement appears to have all occurred prior to the time that Mr. Robinson was charged with this federal offense. Furthermore, it appears to have occurred fairly early in the time period after Mr. Robinson was taken into state custody for this act. A significant period of time has passed since the obstructive acts occurred and the present, and there is no evidence that Mr. Robinson took any action to obstruct justice since he was arrested on this federal case. While in custody on this federal case, Mr. Robinson has fully accepted his conduct, timely entered a plea of guilty, and is not challenging that his actions after arrest (years prior to the guilty plea) met the definition of obstruction.

Finally, as noted in the plea agreement, the Government agreed that Mr. Robinson had accepted responsibility for his actions. While it is true that the sentencing court will make the final determination, the fact that the Government was fully aware of these actions taken by Mr.

3

Robinson prior to being taken into federal custody, but still agreeing that he had accepted responsibility in the plea agreement, should weigh heavily in favor of Mr. Robinson. For these reasons this is the extraordinary case in which an obstruction enhancement may be applied, while also granting Mr. Robinson a three-level reduction for acceptance of responsibility.

*CONSIDERATION OF FACTORS UNDER 18 U.S.C. § 3553(a)*

(1) <u>The nature and circumstances of the offense and history and characteristics of the defendant</u>: Mr. Robinson fully accepts and acknowledges that the crime he committed was egregious and worthy of lengthy punishment. He fully understands the harm that he inflicted on the victim, as well the impact the crime will have on the victim for the remainder of the victim's life. Fortunately, the victim in this case survived the assault, and will be able to eventually move forward with his life. Mr. Robinson, on the other hand, will lose decades of his life due to his conduct in this case. Mr. Robinson submits that the sentence proposed by the defense, whereby he will serve nearly 20 years in prison, is sufficient to, but not greater than necessary to account for the nature and circumstances of this offense.

Mr. Robinson further asks the Court to take note of the fact that prior to this offense, the defendant's prior criminal conduct appears to be minimal.

2. <u>Factors under 18 U.S.C. § 3553(a)(2)</u>: Mr. Robinson acknowledges that any sentence this Court imposes must take into consideration the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. Mr. Robinson submits to the Court that a total sentence of 238 months of imprisonment, followed by five years of supervised release will accomplish those purposes. The defense is seeking this specific sentence because the defense believes that the proper guideline calculation should be 262-327 months of imprisonment. Mr. Robinson was arrested on June 3, 2019 for this event and was

4

initially charged in the Jackson County Circuit Court.  Mr. Robinson remained continuously incarcerated in the Jackson County Jail until he was transferred to federal custody on August 12, 2021.  The State case was subsequently dismissed once the federal charge was filed.  However, because Mr. Robinson served 24 months in the Jackson County Jail for the same conduct that gave rise to this federal charge, the defense believes that the Court should take the time he served in the Jackson County Jail into consideration when imposing a sentence on this case.

The defense believes that the Court should look to the low end of the guideline sentence, which should be 262 months.  The Court should then give Mr. Robinson credit for the 24 months that he served in State custody, as he was being held on the same conduct that gave rise to this federal case.  As a result, after deducting the 24 months served in the Jackson County Jail from the guideline range, the defense has arrived at the 238 months of imprisonment that is being sought at sentencing.

While the sentence proposed is below the guideline sentence, it is still a significant period of time for an individual to lose their liberty.  Mr. Robinson is a young man who had never been in jail prior to being arrested for this offense, and subsequently charged in the Jackson County Circuit Court.  Mr. Robinson is not the type of individual who was been involved with the criminal justice system his whole life, and thus, become accustomed to being incarcerated.  The defense would submit to this Court that a sentence of nearly 20 years for someone like Mr. Robinson will have a different impact on him than imposing this type of sentence on someone who has been to prison multiple times before.  In other words, a lengthy sentence has more of an impact for a young man who has never been to prison before than it would have on someone who has been to prison before, and knows what to expect.

As a young man who has never been to prison before, Mr. Robinson will encounter a much more difficult situation than an individual who is, for lack of a better term, "institutionalized". Due to the nature of his charges, as well as the length of his sentence, Mr. Robinson will be sent to a high-level United States Penitentiary, rather than a lower-level camp. Upon arrival at a high-level facility, he will be a young man surrounded by hardened individuals, many of whom may be serving life sentences. It is not a stretch to state that Mr. Robinson faces a real risk of being victimized by older, more violent individuals while he is incarcerated.

Furthermore, a sentence of 238 months would satisfy the requirements of deterrence to criminal conduct, and the need to protect the public from further crimes, under 18 U.S.C. § 3552(a)(2)(B) and (a)(2)(C). The defense would suggest to this Court that a sentence of nearly two decades in prison serves a both specific deterrence to this defendant, as well as general deterrence to society as a whole. While it is true that the guidelines potentially call for more than 238 months, the defense submits that if incarnation of nearly two decades does not deter Mr. Robinson from committing crimes in the future, then any further sentence would not either. Any sentence above what is being suggested by the defense would be greater than necessary to accomplish the statutory purposes of sentencing.

## *CONCLUSION*

For the reasons set forth above, it is requested that this Court sentence Mr. Robinson to a term of 238 months imprisonment, to be followed by a period of supervised release. When considering the information presented, as well as the factors under 18 U.S.C. § 3553(a), the sentence proposed by the defense is sufficient to, but not greater than necessary, to accomplish the statutory purposes of sentencing. The defense respectfully requests that this Court follow the defense recommendation at the sentencing hearing in this matter.

Respectfully submitted,

*/s/ Jeffrey Gedbaw*
_____
Jeffrey Gedbaw, Mo Bar No. 56318
Attorney for Defendant
618 SE 4th St., Suite 204
Lee's Summit, MO 64063
Phone: (816) 379-5329
Fax: (816) 272-5967
jgedbaw@gedbawlawfirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 16, 2023, a true copy of the foregoing was served on all parties by electronic filing through the ECF system.

*/s/ Jeffrey Gedbaw*
_____
Jeffrey Gedbaw